**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
(AKRON DIVISION)**

| | | |
|---|---|---|
| BRIANNA BROOKS | * | Case No: |
| c/o Tittle & Perlmuter | * | |
| 4106 Bridge Avenue | * | |
| Cleveland, Ohio 44113 | * | Judge: |
| | * | |
| ***On Behalf of Herself and All*** | * | |
| ***Other Similarly Situated Individuals*** | * | |
| | * | |
| PLAINTIFF[1], | * | |
| | * | |
| v. | * | |
| | * | |
| SKIPPER 1339, LLC | * | |
| D/B/A JEN'S DEN GENTLEMEN'S CLUB | * | |
| 1335 Brittain Road | * | |
| Akron, Ohio 44303 | * | |
| | * | |
| SERVE:    Registered Agent | * | |
|          Joseph K. Oldham, Esq. | * | |
|          Oldham Company, LLC | * | |
|          759 West Market Street | * | |
|          Akron, Ohio 44303 | * | |
| | * | |
| And | * | |
| | * | |
| CYRUS B KURTZ, III | * | |
| 1818 Barlow Road | * | |
| Hudson, Ohio 44236 | * | |
| | * | |
| DEFENDANTS. | * | |

*************************************************************************

## <u>INTRODUCTION</u>

1.    This is a collective and class action brought by Plaintiff Brianna Brooks ("Plaintiff")

against Defendants Skipper 1339, LLC d/b/a Jen's Den Gentlemen's Club ("Skipper") and its

primary owner and operator Cyrus B Kurtz, III, individually ("Kurtz") (together, "Defendants").

_____

[1] To avoid retaliation, Plaintiff has used the mailing address of her attorney.

2.      The collective and class are composed of individuals who, during the relevant time period of December 6, 2019 through the date of judgment in this case ("the relevant period"), worked as exotic dancers at, for, or in Defendants' Jen's Den Gentlemen's Club in Akron, Ohio, and were (i) misclassified by Defendants as non-employee contractors; (ii) were paid no wages for hours worked; and (iii) were subject to unlawful kickbacks and tip deductions and/or assignments in violation of the federal Fair Labor Standards Act ("FLSA") and Ohio Rev. Code § 4111.14 (hereafter, "the Collective"), as well as Article II, Section 34a of the Ohio Constitution (hereafter, "the Class").

3.      Plaintiff brings this action against Defendants on behalf of herself, the Collective, and the Class seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

4.      Plaintiff is an adult resident of Barberton, Ohio.

5.      Plaintiff's consent to participate as a plaintiff in the collective action is attached hereto as Exhibit 1.

6.      Skipper is a limited liability company, formed under the laws of Ohio, that does business under the trade name "Jen's Den" and operates as a gentlemen's club featuring female exotic dancers at the address 1335 Brittain Road, Akron, Ohio 44310.

7.      At all times relevant, Kurtz was the primary owner and managing member of Skipper.

8.      At all times relevant, Kurtz was the primary operator and administrator of Skipper, making all decisions related to the business operation of Defendants' Jen's Den Gentlemen's Club.

9.      At all times relevant, Kurtz was the most senior manager in charge of supervising the work duties and work performance of Plaintiff, the Collective, and the Class at Defendants' Jen's Den Gentlemen's Club.

10.     Kurtz, individually, was the individual that made the decision to misclassify Plaintiff, the Collective, and the Class as non-employee contractors and to pay Plaintiff, the Collective, and the Class no wages for hours worked.

11.     At all times relevant, Kurtz, individually, had the power to hire, fire, suspend, and/or make disciplinary decisions related to Plaintiff, the Collective, and the Class as exotic dancers working for, at, or in Defendants' Jen's Den Gentlemen's Club.

12.     At all times relevant, Kurtz, individually, was in charge of keeping and maintaining all employment and/or similar records related to Plaintiff, the Collective, and the Class for work at or in Defendants' Jen's Den Gentlemen's Club.

13.     During the relevant period, Skipper and Kurtz each qualified as the employer or joint employer of Plaintiff, the Collective, and the Class within the meaning of the FLSA and Ohio law.

14.     During the relevant period, Defendants had gross revenue and sales exceeding $500,000.00 and sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

15.     This Court has personal jurisdiction over Defendants and venue is proper in this Court as the acts and omissions giving rise to this lawsuit all occurred within the territorial jurisdiction of this Court and all Defendants reside within the territorial jurisdiction of this Court.

16.     This Court may properly exercise federal question subject matter jurisdiction of Plaintiff and the Collective's FLSA claims pursuant to 28 U.S.C. § 1331.

3

17.     28 U.S.C. § 1367 properly confers supplemental jurisdiction over the interrelated Ohio law claims of Plaintiff, the Collective, and the Class.

## FACTS

18.     Plaintiff was employed by Defendants as an exotic dancer at Defendants' Jen's Den Gentlemen's Club in Akron, Ohio, during the period 2016 through about January 2022.

19.     Members of the Collective and Class were employed by Defendants as female exotic dancers at Defendants' Jen's Den Gentlemen's Club in Akron, Ohio, during the period of at least December 7, 2019 through the date of judgment in this case.

20.     While employed, the number of shifts Plaintiff, the Collective, and the Class worked as exotic dancers for, at, or in Defendants' Jen's Den Gentlemen's Club varied from week to week.

21.     While employed, the exact number of hours Plaintiff, the Collective, and the Class worked as exotic dancers for, at, or in Defendants' Jen's Den Gentlemen's Club varied from week to week.

22.     While employed, Plaintiff customarily worked three (3) to six (6) shifts per week as an exotic dancer for, at, or in Defendants' Jen's Den Gentlemen's Club for an average total of about twenty (20) to forty (40) hours per week.

23.     At all times relevant, Defendants had actual knowledge of all hours Plaintiff and the Collective and Class worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising the work duties of Plaintiff, the Collective, and the Class.

24.     At no time during the relevant period did Defendants ever pay Plaintiff or any member of the Collective or Class any wages and/or any other form of compensation for hours that Plaintiff and the Collective and Class worked or performed as exotic dancers for, at, or in Defendants'

4

Jen's Den Gentlemen's Club.

25.    At all times relevant, Defendants misclassified Plaintiff and each member of the Collective and Class as non-employee contractors and not as employees while Plaintiff and the Collective and Class worked or performed as exotic dancers for, at, or in Defendants' Jen's Den Gentlemen's Club.

26.    At all times relevant, Defendants controlled the job duties Plaintiff and the Collective and Class performed inside Defendants' Jen's Den Gentlemen's Club through rules and workplace policies and procedures that were supervised and enforced at the sole discretion of Defendants and Defendants' management.

27.    At all times relevant, Defendants controlled the method by which Plaintiff and the Collective and Class could earn money inside Defendants' Jen's Den Gentlemen's Club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

28.    At all times relevant, Defendants required Plaintiff and the Collective and Class to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

29.    Defendants hired Plaintiff and the Collective and Class and, at all times relevant, Defendants had full authority and ability to discipline, fine, fire, and/or adjust the work schedule for Plaintiff and the Collective and Class.

30.    At all times relevant, Defendants, through supervisors and managers, supervised the exotic dancer duties of Plaintiff and the Collective and Class to make sure their job performance was of sufficient quality.

31.    Defendants conducted initial interviews and vetting procedures for Plaintiff and the

Collective and Class and, at Defendants' sole discretion, Defendants' management could deny Plaintiff and/or any member of the Collective and Class access or ability to work as an exotic dancer for, at, or in Defendants' Jen's Den Gentlemen's Club.

32.    At all times relevant, Defendants had the right to suspend or send Plaintiff and/or any other member of the Collective and/or Class home and away from Defendants' Jen's Den Gentlemen's Club if Plaintiff or any other member of the Collective and/or Class violated Defendants' rules, policies, or procedures, or if Defendants' management did not want Plaintiff and/or any other member of the Collective and/or Class to work as an exotic dancer for, at, or in Defendants' Jen's Den Gentlemen's Club.

33.    As a condition of employment as an exotic dancer for, at, or in Defendants' Jen's Den Gentlemen's Club, Defendants did not require Plaintiff, the Collective, and/or the Class to have or possess any requisite certification, education, or specialized training.

34.    At all times relevant, Defendants were and continue to be in the business of operating a gentlemen's club featuring female exotic dancers.

35.     At all times relevant, it was the job duty of Plaintiff and the Collective and Class to work or perform as exotic dancers for the entertainment of Defendants' customers for, at, or in Defendants' Jen's Den Gentlemen's Club.

36.    During the relevant period, in addition to failing to pay Plaintiff and the Collective and Class any wages for hours worked as exotic dancers for, at, or in Defendants' Jen's Den Gentlemen's Club, Defendants required Plaintiff and the Collective and Class to pay Defendants or its agents a mandatory "house fee" kickback payment in the amount of approximately $20.00 to $40.00 per shift.

37.    During the relevant period, in addition to the mandatory per shift "house fee" payment

6

Defendants required Plaintiff and the Collective and Class to pay to Defendants, each shift Plaintiff and the Collective and Class worked as exotic dancers for, at, or in Defendants' Jen's Den Gentlemen's Club, Defendants deducted and/or assigned portion of the tips Plaintiff and the Collective and Class received from Defendants' customers, including a mandatory $10.00 "tip out" payment to Defendants' security or bouncer and a mandatory payment or assignment directly to Defendant in the amount of 30% to 50% of the tips Plaintiff and the Collective and Class received from Defendants' customers for performing private and/or semi-private dances for Defendants' customers.

38.     Prior to and during the relevant period, Defendants had actual knowledge – including from Defendants' involvement in substantially similar prior litigation in this district and division, *Cashiola, et al. v. Mirage 1245 Ltd., et al.* Case Number 5:19-cv-923-SL, asserting that Defendants misclassification' of dancers at Jen's Den as non-employee contractors, failure to pay wages to those dancers, and assessment and taking of kickbacks and tip assignments from those dancers – that their pay practices were unlawful and in direct violation of the FLSA and Ohio law.

39.     During the entire relevant period, Defendants' violation of the federal and state wage payment rights of Plaintiff, the Collective, and the Class was willful, intentional, and not the product of good faith.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) and Ohio Rev. Code § 4111.14 on behalf of herself and the Collective.

41.     Plaintiff and the Collective are similarly situated because each (1) were improperly classified by Defendants as non-employee contractors; (2) were not paid any wages by

Defendants for hours worked; (3) were not paid wages by Defendants at or above the Federal or Ohio Minimum Wage for each hour worked; and (4) were subject to unlawful kickbacks and tip deductions and assignments.

42.     Plaintiff and the Collective because are each are owed payment for all hours worked in an amount equal to the "free and clear" Federal and Ohio Minimum Wage for each hour worked, a return of all monies and tips charged, deducted, and/or assigned by Defendants, plus statutory liquidated damages as provided by the FLSA and Ohio law.

43.     On information and belief, the Collective is comprised of at least forty (40) current and former female exotic dancers that worked or performed for, at, or in Defendants' Jen's Den Gentlemen's Club during the relevant period.

44.     On information and belief, Defendants are in custody, possession, and control of identifying records relating Defendants' employment of Plaintiff and the Collective during the relevant period.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46.     Plaintiff brings this case on behalf of herself and other members of a proposed Class, defined as:

> All current and former dancers who worked at Jen's Den during the period three years preceding the commencement of this action to the present.

47.     The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of more than forty persons.  The number of Class Members as well as their identities are ascertainable from records Defendants maintained, and were required to

8

maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio

Const. art. II, § 34a.

48.     There are questions of law or fact common to the Class, including but not limited to:

        a)     Whether Plaintiff and other Class Members were misclassified as independent
contractors.

        b)     Whether Plaintiff and other Class Members were paid at least requisite minimum
wages for all hours worked.

        c)     Whether Plaintiff and other Class Members are entitled to unpaid minimum
wages and if so, in what amount.

        d)     Whether Plaintiff and other Class Members are entitled to liquidated damages
and, if so, in what amount.

49.     Plaintiff's claims are typical of the claims of other members of the Class.  Plaintiff's

claims arise out of the same uniform course of conduct by Defendants, and are based on the same

legal theories, as the claims of other Class Members.

50.     Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff's interests

are not antagonistic to, but rather are in unison with, the interests of other Class Members.

Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-

hour litigation, and is fully qualified to prosecute the claims of the Class in this case.

51.     The questions of law or fact that are common to the Class predominate over any

questions affecting only individual members.  The primary questions that will determine

Defendant's liability to the class, listed above, are common to the Class as a whole, and

predominate over any questions affecting only individual Class Members.

52.     A class action is superior to other available methods for the fair and efficient adjudication

of this controversy.  Requiring Class Members to pursue their claims individually would entail a

host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on

court resources.  Many Class Members' claims are sufficiently small that they would be reluctant

to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA

53.     Plaintiff hereby incorporates the preceding paragraphs by reference as if fully set forth herein.

54.     The FLSA required Defendants to pay Plaintiff and the Collective at an hourly rate at least equal to the Federal Minimum Wage.

55.     The FLSA required that Defendants allow Plaintiff and the Collective to keep all tips and gratuities received from Defendants' customers.

56.     As set forth above, during the relevant period, Defendants failed to pay Plaintiff and the Collective at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

57.     As set forth above, during the relevant period, Defendants charged Plaintiff and the Collective unlawful kickbacks each shift and kept and/or assigned tips and gratuities received by Plaintiff and the Collective and belonging to Plaintiff and the Collective.

58.     During the relevant period, Defendants' unlawful failure to pay Plaintiff and the Collective wages as required by the FLSA and Defendants' unlawful charging of kickbacks and assignment of tips received by Plaintiff and the Collective from Defendants' customers was willful and intentional and was not in good faith.

### COUNT II
### VIOLATION OF OHIO REV. CODE § 4111.14

59.     Plaintiff hereby incorporates the preceding paragraphs by reference as if fully set forth

10

herein.

60.     Ohio Rev. Code § 4111.14 required Defendants to pay Plaintiff and the Collective at an hourly rate at least equal to the Ohio Minimum Wage.

61.     Ohio law required that Defendants allow Plaintiff and the Collective to keep all tips and gratuities received from Defendants' customers.

62.     As set forth above, during the relevant period, Defendants failed to pay Plaintiff and the Collective at hourly rates in compliance with the Ohio law requirements.

63.     As set forth above, during the relevant period, Defendants charged Plaintiff and the Collective unlawful kickbacks each shift and kept and/or assigned tips and gratuities received by Plaintiff and the Collective and belonging to Plaintiff and the Collective.

64.     During the relevant period, Defendants' unlawful failure to pay Plaintiff and the Collective wages as required by Ohio law and Defendants' unlawful charging of kickbacks and assignment of tips received by Plaintiff and the Collective from Defendants' customers was willful and intentional and was not in good faith.

## COUNT III
## VIOLATION OF OHIO CONST. ART. II, SECTION 34a

65.     Plaintiff hereby incorporates the preceding paragraphs by reference as if fully set forth herein.

66.     Article II, Section 34a of the Ohio Constitution required Defendants to pay Plaintiff and the Class at an hourly rate at least equal to the Ohio Minimum Wage.

67.     Ohio law required that Defendants allow Plaintiff and the Class to keep all tips and gratuities received from Defendants' customers.

68.     As set forth above, during the relevant period, Defendants failed to pay Plaintiff and the Class at hourly rates in compliance with the Ohio law requirements.

69.     As set forth above, during the relevant period, Defendants charged Plaintiff and the Class unlawful kickbacks each shift and kept and/or assigned tips and gratuities received by Plaintiff and the Class and belonging to Plaintiff and the Class.

70.     During the relevant period, Defendants' unlawful failure to pay Plaintiff and the Class wages as required by Ohio law and Defendants' unlawful charging of kickbacks and assignment of tips received by Plaintiff and the Class from Defendants' customers was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of the Collective and Class, prays for relief as follows:

A.   Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the Collective at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B.  Permitting this case to proceed as a class action under Fed. R. Civ. P. 23;

B.  Judgment against Defendants, jointly and severally, for failing to pay "free and clear" minimum and overtime wage compensation to Plaintiff and the Collective as required by the FLSA and Ohio law;

C.  Judgment against Defendants, jointly and severally, for unlawfully charging kickbacks and taking and/or assigning tips and gratuities belonging to Plaintiff and the Collective/Class;

D.  Judgment that Defendants' violations of the FLSA and Ohio law were not the product of good faith on the part of Defendants;

E.  Judgment that Defendants' violations of the FLSA and Ohio law were willful;

12

F.  An award to Plaintiff and the Collective in the amount of all "free and clear" unpaid wages found to be due and owing to Plaintiff, the Collective, and the Class;

G.  An award to Plaintiff, the Collective, and the Class in the amount of all kickbacks, tips, and gratuities unlawfully taken and/or assigned by Defendants;

H.  An award of statutory liquidated damages in amounts prescribed by the FLSA and Ohio law;

I.  An award of attorneys' fees and costs to be determined by post-trial petition;

J.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

K.  Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: December 7, 2022                    TITTLE & PERLMUTER

*/s/ Scott Perlmuter*
Scott D. Perlmuter, Ohio Bar No.:  0082856
4106 Bridge Avenue
Cleveland, Ohio 444113
(216) 308-1522 (Phone)
Email: Scott@TittleLawFirm.Com


ZIPIN, AMSTER, & GREENBERG, LLC

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg (MD Fed. Bar No. 17291)
(To Be Admitted Pro Hac Vice)
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (Phone)
Email:  GGreenberg@zagfirm.com

*Counsel for Plaintiff and the Collective and Class*