**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **BRIANNA BROOKS, ET AL.** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CASE NO.:  5:22-cv-2203** |
| | * | |
| | * | |
| **SKIPPER 1339, LLC, ET AL.** | * | |
| | * | |
| **Defendants.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiffs Brianna Brooks, Shelby Patterson, and Samantha Mach (together, "Plaintiffs") and, Skipper 1339, LLC d/b/a Jen's Den and Cyrus B. Kurtz, III ("Defendants" and collectively with Plaintiffs, "the Parties"), by and through their undersigned counsel, hereby file this Joint Motion to Approve Settlement and in support thereof state as follows:

1.      Plaintiffs filed the above captioned action against Defendants for alleged violations of the Federal Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wages Standards Act ("OMFWSA").

2.      Plaintiffs allege that Defendants misclassified Plaintiffs as independent contractors rather than employees during the period Plaintiffs worked as exotic dancers at Defendants' Akron, Ohio-based Jen's Den Gentlemen's Club.

3.      Arising from the alleged misclassification, Plaintiffs allege Defendants paid Plaintiffs no wages for hours worked and, in doing so, failed to pay Plaintiffs minimum wage compensation as required by Federal and Ohio law.

4.      Plaintiffs allege each are entitled to recover unpaid minimum wage compensation, statutory liquidated damages in an equal amount to unpaid wages owed, and payment of their attorney's fees and costs.

5.      Defendants assert that Plaintiffs were, at all times, properly classified as independent contractors and were never employees of Defendants.

6.      Defendants assert that a thorough review of the economic realities of Plaintiffs' business relationship with Defendants evince that Plaintiffs enjoyed absolute freedom to dictate the terms of their relationship with Defendants and were never economically dependent upon Defendants such that any Plaintiff qualified as an employee under the FLSA or OMFWSA.

7.      Further, Defendants assert that Plaintiffs grossly overstate the shifts and/or hours each performed at Defendants' gentlemen's clubs and, if Plaintiffs are owed any wages at all, Plaintiffs' claims are at best nominal.

8.      Plaintiffs and Defendants concluded that an amicable resolution of this lawsuit is in their respective interests due to the risks and expenses associated with continued litigation.

9.      To facilitate resolution, the Parties participated in a full day settlement conference, and, with the assistance of United States Magistrate Judge James E. Grimes, Jr., the Parties reached a full resolution of all claims alleged in exchange for the monetary consideration and convents set forth in the Parties' executed Settlement Agreement, attached hereto as Exhibit 1.

10.     In exchange for the dismissal, with prejudice, of the above-captioned action, and for the other non-monetary consideration set forth in the Parties' Settlement Agreement, Defendants have agreed to pay Plaintiffs a total payment of $43,000.00, with $8,385.00.00 to be paid to Brianna Brooks, $8,385.00 to be paid to Shelby Patterson, $8,385.00 to be paid to Samantha Mach, and $17,845.00 to be paid for Plaintiffs' attorney's fees and costs.

11.     Because this matter includes claims made by Plaintiffs against Defendants under the FLSA, the Settlement Agreement must be approved by the Court. *McAfee v. Hubbard*, 2017 U.S. Dist. LEXIS 62676, 2017 WL 1479304 (S.D. Ill. 2017); *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

12.     To be approved, the settlement must constitute "a fair and reasonable resolution of a *bona fide* dispute." *Lynn*, 679 F.3d at 1355.

13.     "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Misiewicz v. D'Onofrio General Contractors Corp.*, 2010 U.S. Dist. LEXIS 60985, *4 (E.D.N.Y. 2010).

14.     When reviewing a FLSA settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the Defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Misiewicz*, 2010 U.S. Dist. LEXIS 60985, at *4.

15.     There is a *bona fide* dispute here.  The Parties are in disagreement (1) as to whether Plaintiffs are or were ever "employees" with rights to prosecute claims under the FLSA; (2) whether Plaintiffs, in fact, ever performed at Defendants' exotic dance clubs more than a *de minimus* amount during the 3-year potential statutory recovery period; and (3) if, *arguendo*, Plaintiffs did ever perform as employees at Defendants' exotic dance clubs, whether the moneys

Plaintiffs received from Defendants' customers met or exceeded Defendants' alleged minimum wage obligation.

16.     The Parties understand that if the litigation were to continue, both sides would incur additional expenditures at substantial risk and still face the prospect of a lengthy appeal process.

17.     By avoiding additional extensive litigation, resources that otherwise would have been consumed by the litigation were made available for settlement, thereby reducing the risk and uncertainties of the outcome of litigation for both Parties.

18.     With respect to the portions of the settlement to be paid to Plaintiffs, these payments represent damages exceeding what Defendants' records reflect could be potentially by Plaintiffs if this matter were litigated to judgment - - but less than Plaintiffs may be entitled to recover had a finder of fact sided with Plaintiffs' factual position.

19.     Since Defendants raised significant issues with respect to the viability and/or extent of Plaintiffs' claims for improper payment as well as the uncertain nature of litigation including liability issues, and with the guidance and assistance of their counsel and United States Magistrate Judge Burke, Plaintiffs decided to accept the aforementioned amount.

20.     Additionally, Plaintiffs are represented by experienced counsel and settled this case aware of the risks and benefits of settlement.  This settlement enables the Parties to avoid the unnecessary accumulation of additional litigation costs and attorney's fees.  The settlement is the product of good-faith bargaining between the Parties, with advice of legal counsel.  Given the uncertainty of the availability of both liquidated and exemplary damages, this amount represents a fair and reasonable settlement.

21.     Finally, the amount allocated for attorneys' fees and expenses is fair and reasonable.  Plaintiffs' counsel has extensive experience in FLSA and minimum wage matters, has

analyzed this matter and has quickly achieved a result acceptable to Plaintiffs. Accordingly, the agreed upon amount of $17,845.00 represents a fee and cost payment that all parties agree is a fair and reasonable fee based on the pleadings and settlement negotiations that occurred in this case.

22.     The settlement reached by the Parties is fair and reasonable as they have resolved this matter in an arms-length agreement. Conducting discovery, motion practice, and trial would have consumed tremendous amounts of time and resources and demanded substantial judicial resources. This trial would have been costly for all Parties and would have further deferred closure. Any judgment would likely have been appealed, thereby extending the duration of the litigation and exposing the Parties to unnecessary risk. This settlement, on the other hand, will enable the Parties to avoid anticipated risks, burdens and expenses in establishing their respective claims and defenses. Therefore, Plaintiffs and Defendants agree that the settlement is fair and reasonable and should be approved by the Court.

WHEREFORE, the Parties respectfully request that this Court enter an order approving the settlement reached in this matter, dismissing this matter with prejudice, and for any additional relief as justice requires.

Dated:  February 27, 2024          Respectfully submitted,

TITTLE & PERLMUTER

  /s/  Scott Perlmuter
Scott D. Perlmuter, Ohio Bar No.: 0082856
4106 Bridge Avenue
Cleveland, Ohio 44113
(216) 308-1522 (Phone)
Email:  Scott@TittleLawFirm.Com

ZIPIN, AMSTER & GREENBERG

   /s/ Gregg C. Greenberg
Gregg C. Greenberg (By Pro Hac Vice)
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (Phone)
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiffs*

EMPLOYMENT LAW PARTNERS, LLC

  /s/  Neil Klingshirn
Neil Klingshirn, Ohio Bar No.: 0037158
4700 Rockside Road, Suite 530
Independence, Ohio 44131
(216) 382-2500 (Phone)
Email:  Neil@EmploymentLawPartners.Com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of February 2024, a copy of the foregoing was served on all counsel of record by and through the Court's ECF System.

   /s/ Gregg C. Greenberg
Gregg C. Greenberg

6